UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL POWELL, JR.,

               Plaintiff,

-against-

TYRON R. RIOS and JOHN DOE,

               Defendants.

No. 14-cv-6283 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Daniel Powell ("Plaintiff"), previously an inmate at Downstate Correctional Facility ("Downstate"), brings this action pursuant to 42 U.S.C. § 1983 against Downstate Correctional Officer Tyron R. Rios ("Rios") for violations of his religious rights under the First Amendment of the U.S. Constitution. Before the court is Defendant Rios' motion to dismiss the Amended Complaint ("AC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND

The following facts are derived from the Amended Complaint unless otherwise noted, and are accepted as true for purposes of this motion.

On July 10, 2014, Plaintiff arrived at Downstate with a prayer rug, which was confiscated by Rios because it was blue in color. (AC § II(D)). Rios explained to Plaintiff that the matter would have to be reviewed by the Captain and the Imam to decide whether Plaintiff could keep the rug. (*Id.*) On July 15, 2014, Plaintiff was told that he could not keep the prayer rug, and alleges that he was given the option to send the prayer rug home or have it destroyed. (*Id.*)


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/2016

Plaintiff stated that he did not have any money to send the rug home, and that the rug was destroyed. (*Id.*)

Plaintiff alleges that he filed a grievance in the correctional facility where the claims arose for the "loss and destruction of [his] prayer rug." (*Id.* § III(D)-(E)). Plaintiff does not allege to have taken any steps to appeal the decision. (*Id.*)

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint does not require "detailed factual allegations" to survive a motion to dismiss, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. A court should dismiss a claim when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Staron v. McDonald's Corp.*, 51 F.3d 353, 355 (2d. Cir. 1995) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Additionally, dismissal is appropriate when "an affirmative defense...is clear from the face of the complaint." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-87 (2d Cir. 2000).

Pro se submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)) (emphasis omitted). Courts

utilize this policy for pro se submissions based on "the understanding that [i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* at 475 (internal citations and quotations omitted).

When ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal citations and quotations omitted). Courts may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). "Where . . . 'exhaustion of administrative remedies is a prerequisite to bringing a suit, a court may take judicial notice of the records and reports of the relevant administrative bodies, as well as the facts set forth therein.'" *Zappulla v. Fischer*, No. 11 Cv. 6733 (JMF), 2013 WL 1387033, at * 1 (S.D.N.Y. Apr 5, 2013) (quoting *Wilson v. N.Y.C. Police Dep't*, No. 09 Cv. 2632 (PAC)(HBP), 2011 WL 1215031, at *6 (S.D.N.Y. Feb. 4, 2011)).

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, inmates cannot bring a suit relating to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Inmates must properly exhaust administrative remedies by "using all steps that the agency holds out, and doing so

*properly."* *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal citations and quotations omitted). Failure to exhaust administrative remedies before commencing lawsuits requires dismissal of federal claims asserted therein. *See generally Booth. v. Churner*, 532 U.S. 731 (2001).

For an inmate to exhaust all available administrative remedies, the inmate must do so properly, which requires "compliance with an agency's deadlines and other critical procedure rules." *Woodford,* 548 U.S. at 83. This includes "complet[ing] the administrative review process in accordance with the applicable procedural rules." *Id.* at 88. An inmate in the custody of DOCCS must follow the three-step process for the Inmate Grievance Program ("IGP"). *See* 7 N.Y.C.R.R. § 701.5. First, the inmate must file a complaint with the Inmate Grievance Resolution Committee ("IGRC") within 21 calendar days of the alleged occurrence. The committee will then issue a decision on the grievance. *Id.* § 701.5 (a)-(b). The inmate may appeal the decision to the superintendent by completing the appeal section of the IGRC response form. *Id.* § 701.5(c). Finally, the inmate may appeal the superintendent's decision to the Central Office Review Committee ("CORC") by submitting the appropriate form to the grievance clerk within seven calendar days of the superintendent's response. *Id.* § 701.5(d).

Plaintiff has failed to exhaust his administrative remedies on his claim. Plaintiff alleges that he has filed a complaint related to the incident.[1] According to CORC records, Plaintiff filed one grievance in 2014, for a matter unrelated to the facts alleged in the Amended Complaint. The documented grievance filed on August 5, 2014 alleges that he was inappropriately touched during a search. *See* Declaration of Kim Watson, Ex. A, Docket No. 34. Even construed liberally, Plaintiff's claim cannot be interpreted to relate to being inappropriately touched during a search.

---

[1] Plaintiff checked "Yes" in response to the question in the complaint form asking whether he had filed a grievance, and following the question "[w]hich claim(s) in this complaint did you grieve", he wrote "[the] loss and destruction of my prayer rug" (*See* AC at § IV(D)-(E)).

4

Even if a grievance was filed by Plaintiff, as Plaintiff alleges, CORC records indicate that he has never filed an appeal to any grievance. *See* Declaration of Karen Bellamy, Ex. A, Docket No. 35. Plaintiff concedes as much – following the question in the complaint form asking if he took any steps to appeal the decision, plaintiff wrote, "N/A." (AC § IV(E)(3)). Plaintiff's failure to appeal any relevant decisions to the superintendent, or to the CORC, is fatal to his claims. *See generally Booth*, 532 U.S. 731 (inmate-plaintiff did not seek administrative appeal of his grievance leading the court to dismiss the complaint).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and Plaintiff's claims are DISMISSED without prejudice. The Court respectfully directs the Clerk to terminate the motion at ECF No. 32 and to close the case.

Dated: February 25, 2016  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge

5